**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.  Case No.:  3:12-cr-191-J-32JBT-8

O'NEIL DENNIS

### ORDER

This case is before the Court on Defendant O'Neil Dennis's Motion in Support of a Petition for Writ of Error Coram Nobis (Doc. 365), which he filed while on supervised release after completing his term of imprisonment for conspiracy to distribute 100 kilograms or more of marijuana (see Doc. 327, Judgment). Defendant sought to vacate his guilty plea based on the ineffective assistance of counsel under Padilla v. Kentucky, 559 U.S. 356 (2010).[1] The United States filed a memorandum in opposition (Doc. 370), and Defendant filed a reply (Doc. 372).

The petition must be denied as a matter of law. "The writ of error coram nobis is an extraordinary remedy, limited to cases in which 'no statutory remedy is available or adequate.'" United States v. Brown, 117 F.3d 471, 474–75 (11th Cir. 1997) (quoting Lowery v. United States, 956 F.2d 227, 228–29 (11th Cir.

---

[1] In Padilla, the Supreme Court held that in advising a defendant whether to plead guilty, defense counsel renders deficient performance if he fails to advise correctly his or her client of the immigration consequences of a conviction. Id. at 374.

1

1992)). "[A]n available statutory habeas remedy precludes coram nobis relief." Id. (citing Lowery, 956 F.2d at 228–29).

The Supreme Court decided Padilla in 2010. Defendant entered his guilty plea on October 3, 2013 (see Doc. 368, Transcript of Plea Colloquy), and the Court entered judgment on October 9, 2014 (Doc. 327). Defendant did not appeal his conviction or sentence, nor did he file a motion to vacate under 28 U.S.C. § 2255.[2] Defendant could have raised a challenge to the validity of his guilty plea based on Padilla by filing a § 2255 motion at any time until October 23, 2015. See 28 U.S.C. § 2255(f)(1). However, he never availed himself of that statutory remedy. Instead, he filed the petition for writ of error coram nobis well over a year after the entry of judgment, and after § 2255(f)'s statute of limitations expired. Because "an available statutory habeas remedy precludes coram nobis relief," Brown, 117 F.3d at 475, and Defendant could have availed himself of that remedy but did not, coram nobis relief cannot be granted.[3]

Moreover, construing the petition as a § 2255 motion would have been futile. Section 2255(f)(1)'s one-year statute of limitations expired before Defendant filed the petition. There is no indication that § 2255(f)'s alternative

---

[2] Because he did not appeal the judgment, Defendant's conviction and sentence became final 14 days after the entry of judgment, or on October 23, 2014.

[3] Also, because Defendant was under supervised release when he filed the petition, he was considered to be in custody, rendering § 2255 the exclusive statutory remedy for setting aside his conviction and sentence. Brown, 117 F.3d at 475.

2

accrual dates would have applied. 28 U.S.C. §§ 2255(f)(2)–(4). Indeed, the petition does not rely on any newly discovered facts or a right newly recognized by the United States Supreme Court, nor does Defendant allege that a government impediment prevented him from filing the petition earlier.

In any event, Defendant's Padilla claim would have failed. According to the Order of Detention Pending Trial and Presentence Investigation Report (PSR), Defendant was in the United States unlawfully, and immigration authorities had placed a detainer on him before he even pleaded guilty. (Doc. 164, Order of Detention at 1; Doc. 322, PSR at p. 3, ¶ 16). Defendant's plea is not what rendered him deportable; he was already removable due to his status as an illegal alien. See United States v. Batamula, 823 F.3d 237, 241-42 (5th Cir. 2016) (defendant could not establish prejudice under Padilla where he was deportable by virtue of having overstayed his visa).[4] Thus, the claim lacks merit.

Accordingly, Defendant O'Neil Dennis's "Motion in Support of Petition for Writ of Error Coram Nobis" (Doc. 365) is **DENIED.**

**DONE AND ORDERED** at Jacksonville, Florida this 27th day of October, 2020.

TIMOTHY J. CORRIGAN
United States District Judge

---

[4] In any event, the record shows that during his change-of-plea hearing, the Court or the Assistant United States Attorney advised Defendant (twice) that a felony conviction could result in his deportation. (Doc. 368 at 16, 27–28).

3

Lc 19

C:
O'Neil Dennis
Counsel of record